IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARMEN M. ANDINO, | : | CIVIL ACTION NO. 05-4490 |
| Plaintiff, | : | |
| v. | : | |
| JO ANNE B. BARNHART, Commissioner of Social Security, | : | |
| Defendant. | : | |

MEMORANDUM

BUCKWALTER, S. J.                                                                                       October 5, 2006

       Presently before the Court is Plaintiff's Objections to the Report and Recommendation of United States Magistrate Judge Linda K. Caracappa. For the reasons set forth below, Plaintiff's objections are overruled, and the Magistrate Judge's Report and Recommendation is approved and adopted.

I.  DISCUSSION

       After analyzing the reproduced record, the Administrative Law Judge's ("ALJ") opinion, the Magistrate Judge's Report and Recommendation, and Plaintiff's Objections, the Court finds that summary judgment is appropriately entered on behalf of Defendant.

       Plaintiff's objections are: (1) the Magistrate Judge failed to recognize the Plaintiff's treating physician and in doing so failed to properly credit the Plaintiff's treating physician's medical assessment and (2) the ALJ and Magistrate Judge failed to include all of the

Plaintiff's impairments in the hypothetical question and recognize the Plaintiff's vocational limitations.

### A.    Proper consideration and weight was given to the Plaintiff's treating physician

First, the Plaintiff argues that the Magistrate Judge erred when she concluded that Dr. Azcon was not the Plaintiff's treating physician.[1]  The Magistrate Judge did err because Dr. Azcon is the Plaintiff's treating physician.  However, there is understandable confusion regarding Dr. Azcon's status as the Plaintiff's treating physician because Dr. Azcon took over Dr. Levyn's practice.  ®. 42).  Dr. Levyn use to be the Plaintiff's family doctor.  ®. 42).  Furthermore, the record indicates that Dr. Levyn and Dr. Crawford shared a family practice.[2]  Both Dr. Levyn and Dr. Crawford saw and treated the Plaintiff.  ®. 124-127; 137-139).  Therefore, Dr. Levyn, Dr. Crawford, and Dr. Azcon[3] are all the Plaintiff's treating physicians.

Secondly, the Plaintiff argues that the ALJ and Magistrate Judge failed to credit Dr. Azcon's medical assessment dated February 15, 2005.

---

1. "A treating physician has an ongoing and consistent relationship with the claimant, as opposed to a consulting physician who sees a claimant at the request of the DDS [Disability Determination Services] for the purpose of obtaining a report supporting the claimant's alleged disability." Social Security Office of the Inspector General A07-99-24006 (March 30, 2001),
http://www.ssa.gov/oig/ADOBEPDF/A-07-99-24006.pdf#search=%22A-07-99-24006%22 (last visited Oct. 4,2006).

2. Both Dr. Jonathan B. Levyn and Dr. John Crawford's names are listed at the bottom of a progress notes form. (R.123).  Also, Dr. Levyn and Dr. Crawford's names appear on a prescription form.  (R. 137).

3. The following are instances contained in the record that has led the Court to determine Dr. Azcon is the Plaintiff's treating physician.
(1) Plaintiff's Attorney asks the ALJ if she has received the medical reports from Dr. Azcon ® 33).
(2) Plaintiff's testimony that Dr. Azcon is her family doctor.  ®. 42).
(3) List of the Plaintiff's medications and her prescribing physician, Dr. Azcon.  ®. 122).

The ALJ did not specifically mention Dr. Azcon's medical assessment dated February 15, 2005 in her decision. However, she did state that she considered all the evidence in the case. ®. 23). Furthermore, Dr. Azcon's medical assessment form is a "check-box" form. ®. 269-272). The use of a check-box form to indicate the Plaintiff's functional limitations merits little weight. Mason v. Shalala, 994 F. 2d 1058, 1065 (3d Cir. 1993). Thus, the ALJ's failure to specifically mention Dr. Azcon's assessment in her decision is not an error because Dr. Azcon 's assessment is not significant evidence. Id. at 1065.

Lastly, the Magistrate Judge did explain that she was not crediting Dr. Azcon's medical assessment because it was not supported by the record.[4]

**B.  The ALJ and the Magistrate Judge included in the hypothetical question all the Plaintiff's impairments and recognized the Plaintiff's vocational limitations**

The Plaintiff argues the ALJ and Magistrate Judge failed to include the Plaintiff's impairments in the hypothetical question. Specifically, the failure to include restrictions contained in Dr. Azcon's medical assessment. However, this argument is without merit because the ALJ included all relevant impairments. Specifically, the ALJ's hypothetical question[5] included the physical limitations that Dr. Azcon reported in his medical assessment, check-box form. ®. 269-272). Additionally, all the environmental restrictions listed in Dr. Azcon's medical assessment are also included in the hypothetical question except for the vibration

---

4. See Report and Recommendation pg. 11-13.

5. "I want you to assume an individual of claimant's age, education, and work experience having the following residual functional capacity. And being able to communicate, now communicate is a threshold, but being able to communicate basically in English. Being able to lift up to ten pounds. Sit for six hours, stand and walk for two hours. Occasional postural activities. No overhead reaching with the right-arm. No exposure to heat, cold, dust, toxicants, odors, et cetera. And being limited to simple repetitive tasks." ®. 52).

restriction.[6]  The failure to include the vibration restriction carries little weight because it is unlikely that the Plaintiff would have to experience vibrations at any of the jobs proposed by the vocational expert.

Finally, the Plaintiff argues that the Magistrate Judge failed to discuss the Plaintiff's vocational ability to perform the jobs[7] suggested by the vocational expert.  Again, the Plaintiff's objection is without merit because the hypothetical question was proper.

Specifically, the Plaintiff argues that the hand packer and document preparer jobs do not meet the Plaintiff's vocational limitations because she would be required to use her right hand repeatedly.  The record indicates the Plaintiff has an injury to her right shoulder not her hand.  ®. 289).   Thus, the Plaintiff's objection to the repeated use of her right hand as a hand packer or document preparer is without merit.

Additionally, the Plaintiff argues that the storage rental clerk job does not meet her vocational limitations because she would be required to utilize math, language, and reasoning skills.  However, this objection is without merit because the individual posed in the hypothetical had the same math, language, and reasoning skills as the Plaintiff.  ®. 52).  Thus, the ALJ and Magistrate Judge's determination that the Plaintiff could perform the jobs proposed by the vocational expert is supported by the properly posed  hypothetical question and the record.

---

6. Environmental Restrictions contained in Dr. Azcon's medical assessment:
No = No Restriction; Yes = Restriction:
Heights - No; Moving Machinery - Yes; Temperature Extremes - No; Chemicals - No; Dust - Yes; Noise - No; Fumes - Yes; Humidity - Yes; Vibration - Yes ®. 271).
It is clear when you compare the list of environmental restrictions determined by Dr. Azcon with the hypothetical question posed by the ALJ that the limitations in the question amply cover the restrictions from Dr. Azcon's assessment.

7. Hand packer, storage rental clerk, and document preparer.  (R. 52-56).

## II.  CONCLUSION

For the reasons stated above, the Court approves and adopts the Magistrate Judge's Report and Recommendation.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARMEN M. ANDINO, | : | CIVIL ACTION NO. 05-4490 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JO ANNE B. BARNHART, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

## ORDER

AND NOW, this 5th day of October, 2006, upon consideration of the Report and Recommendation of the United States Magistrate Judge Linda K. Caracappa (Docket No. 11), Plaintiff's Objections thereto (Docket No. 14), and a careful review of the record, it is hereby **ORDERED** that the Report and Recommendation is **APPROVED** and **ADOPTED**. Judgment is entered on behalf of Defendant and against Plaintiff. This case is now **CLOSED**.

BY THE COURT:

*s/ Ronald L. Buckwalter, S. J.*
RONALD L. BUCKWALTER, S.J.